UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KRAMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACHYINSKI, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03803-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Andrew Kramer alleges a physician at San Quentin has violated his constitutional and statutory rights. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Kramer has stated cognizable claims against Dr. Pachyinski, Chief Medical Executive at San Quentin. All other defendants and claims are DISMISSED. The Court directs defendant Pachyinski to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **March 6, 2023**.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Kramer alleges that Dr. Pachyinski, Chief Medical Executive at San Quentin State Prison, has failed to provide adequate medical care and reasonable accommodations, and therefore has violated the Eighth and Fourteenth Amendments and plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12010 and section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794.[1]  When liberally construed, these claims are cognizable and shall proceed.

---

[1] In the complaint, Kramer names a Dr. Peres as a defendant.  (Compl., Dkt. No. 1 at 1.)  In a notice to the Court, Kramer wishes to change the defendant to Dr. Pachyinski, Chief Medical Executive.  (Dkt. No. 9.)

1    Kramer's claims against Warden Ron Broomfield are DISMISSED.  There is no
2 respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th
3 Cir. 1989), which means that a person is not automatically held responsible simply because
4 he or she is a supervisor of an employee who commits a wrong.  It is not enough that the
5 supervisor merely has a supervisory relationship over the defendants; the plaintiff must
6 show that the supervisor "participated in or directed the violations, or knew of the
7 violations and failed to act to prevent them." *Id.*  Furthermore, supervisor defendants are
8 entitled to qualified immunity where the allegations against them are simply "bald" or
9 "conclusory" because such allegations do not "plausibly" establish the supervisors'
10 personal involvement in their subordinates' constitutional wrong.  *Iqbal*, 556 U.S. at 675-
11 82.  Simply put, people cannot be held liable for a constitutional violation under 42 U.S.C.
12 § 1983 unless they were integral participants in the unlawful conduct.  *Keates v. Koile*, 883
13 F.3d 1228, 1241 (9th Cir. 2018).  Kramer's allegations do not plausibly establish that
14 Broomfield was an integral participant.

15    Kramer's claims against the California Department of Corrections and
16 Rehabilitation (CDCR) are also DISMISSED.  "State agencies . . . are not 'persons' within
17 the meaning of § 1983 and are therefore not amenable to suit under that statute."
18 *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).  "The [CDCR] is a state agency
19 and thus not a 'person' under § 1983." *Johnson v. California Dep't of Corr. and Rehab.*,
20 2009 WL 2425073, at *3 (E.D. Cal. 2009); *see also Gilbreath v. Cutter Biological, Inc.*,
21 931 F.2d 1320, 1326 (9th Cir. 1991) ("arms of the State such as the Arizona Department of
22 Corrections are not persons under section 1983").

## CONCLUSION

For the foregoing reasons, I ORDER that:

1. Service of the first amended complaint (Dkt. No. 1), and all attachments thereto, be effected on defendant Dr. Pachyinski, Chief Medical Executive at San Quentin State Prison, and further order that this defendant respond to the cognizable claims raised in the complaint.

2. Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint (Docket No. 1) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.

5. On or before **March 6, 2023**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendant's motion is filed.

7. Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the plaintiff with the court must be served on defendants, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order. Such requests must be made directly to jail officials, not to the court.

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

14. The filing fee has been paid. (Dkt. No. 4.)

15. The Clerk shall modify the docket to reflect that Dr. Pachyinski is the sole

defendant in the action.  All other defendants are TERMINATED and the claims against them are DISMISSED.

**IT IS SO ORDERED.**

Dated:   December 7, 2022



WILLIAM H. ORRICK
United States District Judge